886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Yusef SADIQ, Petitioner-Appellant,
v.
Arthur TATE, Jr., Supt., Respondent-Appellee.
 No. 88-4160.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1989.
 
 1
 Before KRUPANSKY and WELLFORD, Circuit Judges, and JAMES HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 Petitioner Sadiq appeals pro se from the district court's judgment denying his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A Columbus, Ohio jury convicted Sadiq of rape. He received a seven to twenty-five year sentence. He exhausted his state remedies.
 
 
 4
 In his petition, Sadiq raised four issues: 1) the admission of an old rape conviction, 2) the admission of hearsay testimony, 3) the failure to enter findings of fact and conclusions of law in Sadiq's post-conviction relief proceedings, and 4) the improper granting of summary judgment in Sadiq's post-conviction relief proceedings.
 
 
 5
 The district court held that the admission of the old rape conviction was a question regarding the propriety of state evidentiary rulings which was not reviewable in a federal habeas proceeding because the fundamental fairness of the trial was not violated. Brofford v. Marshall, 751 F.2d 845, 847 (6th Cir.), cert. denied, 474 U.S. 872 (1985). The court held that the hearsay issue lacked merit for the same reason. Moreover, the hearsay evidence did not violate the confrontation clause because petitioner's counsel did cross-examine the witness at trial. Payne v. Janasz, 711 F.2d 1305, 1314 (6th Cir.), cert. denied, 464 U.S. 1019 (1983). Finally, the district court held that the last two issues only raised errors in the application of state law which are not cognizable in federal habeas corpus where, as here, the errors did not rise to the level of a violation of fundamental fairness. Matlock v. Rose, 731 F.2d 1236, 1242 (6th Cir.1984), cert. denied, 470 U.S. 1050 (1985). These holdings of the district court are correct.
 
 
 6
 In his reply brief, Sadiq argues that Judge Smith should not have heard this case because the judge was the prosecuting attorney in Columbus at the time of Sadiq's trial. Sadiq did not raise this issue in the district court. Issues not raised in the district court cannot be raised on appeal. Johnson v. Havener, 534 F.2d 1232, 1234 (6th Cir.), cert. denied, 429 U.S. 889 (1976). Therefore, we will not address Sadiq's argument.
 
 
 7
 The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation